UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

KAREN LADRACH,

       Plaintiff,

v.

ARTHUR J. GALLAGHER & CO.

       Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Arthur J. Gallagher & Co. ("Gallagher"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. The removal is based on diversity of citizenship, and this Court therefore has original subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). The specific grounds for removal are the following:

### I.  STATEMENT OF THE CASE

Plaintiff, Karen Ladrach filed a Complaint against Gallagher in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, on or about May 16, 2019.  The action is styled *Karen Ladrach v. Arthur J. Gallagher & Co.,* and is designated Case No. 50-2019-CA-006501XXXX-MB (hereafter referred to as the "State Court Action"). Copies of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as **Exhibit A**.

Service of the Summons and Complaint was effective on June 17, 2019. The Complaint does not specify the amount of damages sought, nor does it provide an estimate of same. *See*

**Exhibit A**. This Removal is being timely filed, as explained below in Part V, because it is being filed within thirty (30) days of Defendant's first receipt of a "paper" establishing the amount in controversy.

## II.  GROUNDS FOR REMOVAL

This removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(b) and 1446(b)(3), through application of 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1332(a), the State Court Action can be properly removed to this Court if there is (a) complete diversity of citizenship between Plaintiff and Defendant; and, (b) the amount in controversy exceeds $75,000 exclusive of interest and costs.

    **(a)**       **There is Complete Diversity of Citizenship.**

As set forth below, Plaintiff and Defendant are citizens of different states, as required by 28 U.S.C. § 1332(a)(1).

Plaintiff is a resident of and is domiciled in Palm Beach, Florida, and is a citizen of Florida for diversity purposes. *See* **Exhibit A**, Pl's Compl. ¶ 2.

Pursuant to 28 U.S.C. § 1332(c), for the purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principal place of business. Defendant, Gallagher is incorporated in the State of Delaware with its principal place of business in Rolling Meadows, Illinois. *See* **Exhibit B**, Declaration of Brian D. McCarthy. Thus, Gallagher is a citizen of Delaware and Illinois for purposes of determining diversity of citizenship.

    **(b)**       **The Amount in Controversy Exceeds $ 75,000.00.**

Pursuant to 28 U.S.C. § 1446(c)(2)(A), this Notice of Removal asserts that the amount in controversy is greater than $75,000.

Plaintiff's Complaint demands an unspecified amount of damages for allegedly unpaid bonuses, prejudgment interest, costs, and attorney's fees. *See* **Exhibit A**, Pl.'s Compl. (in the "Wherefore" clause following each Count).

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Lamberston v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (citing *Wilson v. Target Corp.,* Case No. 10-CV-80451, 2010 WL 3632794, at *2 (S.D. Fla. 2010)).

Where, as in the instant case, a plaintiff has made an unspecified demand for damages in state court, the removing defendant must establish only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount for diversity jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (emphasis added); *see also* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). As such, the issue is whether – more likely than not – the amount in controversy exceeds $75,000.

Based solely on the Complaint, Defendant was unaware of the quantum of the above-referenced damages that Plaintiff was seeking in her unspecified demands. In short, Defendant was unable at the case inception to establish the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2)(B).

On July 24, 2019, Plaintiff's counsel sent Defendant's counsel an e-mail containing a settlement demand of $700,000. *See* July 24, 2019 Email, attached as **Exhibit C**. Thus, according to Plaintiff's counsel, Plaintiff is seeking damages of $700,000, well in excess of the requisite jurisdictional amount in controversy of $75,000.

In sum, the damages at issue exceed $75,000, exclusive of interest and costs, and the action is between citizens of different states. Therefore, the district court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). This action may therefore be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

### III. VENUE

Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court in and for Palm Beach County, Florida. *See* 28 U.S.C. § 1446(b)(3).

### IV. CONSENT OF OTHER DEFENDANTS

There are no other defendants who would need to join in or consent to this Notice of Removal.

### V. TIMELINESS OF REMOVAL

28 U.S.C. § 1446(b)(3) provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Here, the case stated by the initial pleading was not removable on its face. Defendant was left to speculate whether the amount in controversy actually exceeded $75,000.00, in light of Plaintiff's unspecified demands in his Complaint. In line with this, the United States District

4

Court for the Southern District of Florida has stated the following with respect to removal under

28 U.S.C. § 1446:

> Where it is unclear whether the court has subject-matter jurisdiction, neither the court nor the defendants may speculate or determine whether there is jurisdiction by "looking to the stars." Indeed, counsel for the removing party has a Rule 11 obligation to remove a case only when he has a good faith basis for concluding that the district court has subject-matter jurisdiction. And it is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds . . . where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice without seriously testing the limits of compliance with Rule 11." Courts recognize that a plaintiff will frequently attempt to frustrate a defendant's right to remove a case to federal court. Accordingly courts . . . will often look to the efforts that the removing party has undertaken to ascertain the jurisdictional amount.

*ACT Lending Corp. v. Mortgage In. Agency, Ltd.*, No. 09-60729-CIV, 2009 WL 2834789, at *3

(S.D. Fla. Aug. 27, 2009) (*quoting Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th

Cir. 2007) (emphasis in original)).

As stated above, on July 24, 2019, Plaintiff's counsel sent Defendant's counsel a written

settlement demand for $700,000. *See* Exhibit B. It was not until the July 24, 2019 email

containing Plaintiff's demand that Defendant learned that the amount in controversy exceeds

$75,000. Therefore, that e-mail constituted receipt of "other papers" from which Defendant

could first ascertain that the amount in controversy exceeded the jurisdictional requirement.

The thirty days allotted for removal by 28 U.S.C. § 1446(b) will expire on or about

August 23, 2019. *See Del Rio*, 2005 WL 3093434, at *4 (holding that a defendant's removal of a

case within thirty days after learning that the amount in controversy exceeded the jurisdictional

amount was timely); *ACT Lending Corp.*, 2009 WL 2834789, at *5 (same).

5

Moreover, the one year period for removal under 28 U.S.C. § 1332, as proscribed by 28 U.S.C. § 1446(c), will expire on May 16, 2020, which is one year from the date on which Plaintiff filed her Complaint.

Because this Removal is being filed within thirty days of July 24, 2019 and within one year since the Complaint was filed, it is timely.

## VI. ATTACHMENT OF STATE COURT PLEADINGS

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant in the State Court Action is annexed hereto as **Exhibit A**.

## VII.    NOTICE OF REMOVAL GIVEN TO STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.  *See* **Exhibit D**.

Dated: August 23, 2019.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456


Steven S. Cula
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Steven S. Cula
Florida Bar No. 1002949
steven.cula@ogletreedeakins.com

*Counsel for Defendant,  Arthur J. Gallagher &
Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Steven S. Cula

Steven S. Cula

# <u>SERVICE LIST</u>

*Karen Ladrach v. Arthur J. Gallagher & Co.*
*United States District Court for the Southern District of Florida*
CASE NO. _____

Diane P. Perez
diane@dianeperezlaw.com
DIANE PEREZ, P.A.
201 Alhambra Circle, Suite 1200
Coral Gables, FL 33134
Telephone: 305.985.5676
Facsimile: 305.985.5677

*Counsel for Plaintiff, Karen Ladrach*

Method of Service:  CM/ECF

Christopher P. Hammon
chris.hammon@ogletreedeakins.com
Steven S. Cula
steven.cula@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd.,  Suite 1625
Miami, FL 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant, Arthur J. Gallagher &*
*Co.*

38975559.1